Robert F. McCUDDY et al., Appellants,

v.

CITIZENS FIDELITY BANK AND TRUST COMPANY, Trustee, et al., Appellees.

Mary Byrne Edwards GORRELL, Appellant,

v.

The LOUISVILLE TRUST COMPANY, Ancillary Administrator with Will annexed of the Estate of Martha L. Christian, Deceased, et al., Appellees.

Court of Appeals of Kentucky.

Feb. 15, 1974.

Ben J. Talbott, Jr., Middleton, Reutlinger & Baird, Louisville, for appellants, McCuddy, Duncan and Woody.

William L. Montague, Charles E. Shivel, Jr., Stoll, Keenon & Park, Lexington, for appellant Mary Byrne Edwards Gorrell.

Martin Roach, Tarrant, Combs, Blackwell & Bullitt, Louisville, for appellees Citizens Fidelity Bank and Trust Co., trustee, and others.

Arthur J. Deindoerfer, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellee Louisville Trust Co.

John L. Knopf, Louisville, Warning Order Atty.

CULLEN, Commissioner.

This appeal is from a judgment which held that Martha L. Christian had the testamentary power of appointment with respect to the remainder interest in the share of the residue of the estate of George B.

Edwards in which she was given a beneficiary interest by a codicil to Edwards' will. There are two appeals; one by the issue of the original devisees of the other beneficiary interests in the residue of Edwards' estate, and the other by one of Edwards' other heirs.

Under Edwards' original will the residue of his estate was divided into four equal shares which were placed in trust with directions that three nephews and a niece each be paid the income from one share for life, and that upon the death of any of the four life beneficiaries leaving issue, that beneficiary's share should be divided among his (or her) issue, each portion to continue to be held in trust, however, until the recipient reached age 21. The will gave each of the *nephews* a testamentary power of appointment of the remainder interest in his share in the event of death without surviving issue, but the *niece* was not given such a power. (Upon her death without surviving issue the remainder was to go to her husband for his life and then become a part of the residuary estate).

By a codicil to his will Edwards bequeathed a share in his residuary estate to Martha L. Christian, in the following language:

> "\* \* \* I desire that she shall, in addition to what I have already given her and willed her, share equally with my three nephews and my niece, Mary Duncan McCuddy, and her children in my residuary estate. By this I mean that my residuary estate shall be divided into five equal parts instead of four and that the Fidelity and Columbia Trust Company shall hold one of these parts for Martha L. Christian just as it holds the other parts for the other beneficiaries under my will *and under the same trust and conditions and obligations as in the case of my three nephews and niece.*" (our emphasis)

■ The problem is obvious: The will did not make the same provisions concerning the *niece* as it did concerning the *nephews*, in that the nephews were given powers of appointment while the niece was not. Did or did not the testator intend Martha to have a power of appointment in the event of her death without surviving issue? (She did die without issue and in her will she undertook to exercise a power of appointment.)

■ The general rule, which is not disputed here, is that to create a power of appointment words clearly indicating that intent must be used, and a power is not created unless the intention to do so is expressed or clearly implied. 72 C.J.S. Powers § 10, p. 407; 62 Am.Jur.2d, Powers, sec. 6, p. 111. A power is not to be inferred except from clear and unequivocal language. 96 C.J.S. Wills § 1062 d, p. 702.

The simple truth is that Edwards' will and codicil do not grant Martha a power either in express words or by clear implication. The appellees point to other provisions of the will (including a specific bequest of $10,000 to Martha for life with a power to appoint the remainder interest) and to evidence as to the relationship of the testator with the various parties, as indicating that he reasonably would have intended to give Martha the power in question. The necessity to resort to those sources points up the fact that the will and codicil are *not clear,* and even when those sources are resorted to the intent remains less than clear.

The circuit court observed that the codicil stated the testator's desire that Martha "share equally" with the nephews and niece, and that as a practical matter she could not share equally with the nephews without having the power of appointment. But by the same token if she is given the power of appointment the *niece* then does not share equally with Martha. Furthermore, the testator's stated desire was that Martha share equally with "my three nephews and my niece, Mary Duncan McCuddy, *and her children."* (Our emphasis). The codicil thus recognizes that different provi-

sions were made in the residuary clause for the niece from those made for the nephews, and special significance was attached to the niece in that she was mentioned *by name* in the codicil whereas the nephews were not.

We note a further provision in the residuary clause (not commented upon by the parties in their briefs), giving the trustee the right, after five years, to terminate the trust as to *two of the nephews* and pay their shares over to them. Surely it could not be contended that the trustees had the same power as to Martha's share.

The language of the codicil is that the trustee "hold one of these parts for Martha L. Christian just as it holds the other parts for the other beneficiaries under my will and under the same trust and conditions and obligations as in the case of my three nephews and niece." Those words do not speak of any grant of a *power* and one ordinarily would not think of a power being in the category of a "condition" or an "obligation;" nor would a power be "held" by a trustee for someone or be "under" a trust.

The only basis on which it could be considered that Martha was given a power is to construe the words "share equally" and "under the same trust and conditions and obligations" as meaning that Martha was being given rights equal to the *greatest* rights conferred by the will on *any* of the four original beneficiaries of the residuary clause. It is our opinion that the words do not carry that implication, clearly or otherwise.

It is our conclusion that Martha was not given a testamentary power of appointment under the codicil.

Some of the appellants maintain that the remainder in Martha's share of the residuary estate passed to the issue of the three nephews and the niece, under the residuary clause. Others maintain that the remainder passed as intestate property to Edward's heirs generally. None of the appel-

lants asks, however, that this court decide that question; they all suggest that this be left for determination by the circuit court on remand of the case. We shall take that course.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.